UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MARY PRISCILLA McGRAW, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:10-cv-48-RLY-WGH |
| | ) | |
| GRAND VICTORIA CASINO & RESORT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This negligence action arises from injuries sustained by Mary Priscilla McGraw ("Plaintiff"), when she fell on the property of Grand Victoria Casino & Resort, LLC ("Defendant"). Plaintiff alleges that Defendant breached its duty of care by not maintaining its premises in a reasonably safe condition. Defendant now moves for summary judgment. For the reasons set forth below, the court **DENIES** Defendant's Motion.

**I.   Factual Background**

Plaintiff is a citizen of the Commonwealth of Massachusetts, and Defendant owns and operates a river boat casino located in Rising Sun, Indiana. (Complaint ¶¶ 4-5). On April 29, 2009, Plaintiff visited Defendant. (Deposition of Plaintiff ("Plaintiff Dep.") at 52; Defendant's Surveillance Footage). As Plaintiff was walking toward the casino area, she tripped and fell over a transition plate. (Deposition of Josh Lathery ("Lathery Dep."

1

at 9, 24). The transition plate is a metal plate that connects the land-based, physical structure to the river boat. (Deposition of Dave Manchovitz ("Manchovitz Dep.") at 45). The water level of the river affects the alignment between the transition plate and the ground, which creates an uneven walking surface. (Plaintiff Dep. at 51-52; Lathery Dep. at 21; Deposition of Janet Murphy ("Murphy Dep.") at 13). The transition plate is marked with yellow and black warning tape. (Manchovitz Dep. at 53-54). However, Plaintiff claims that she did not see the yellow and black warning tape on the transition plate. (Plaintiff Dep. at 64-65; Murphy Dep. at 13). Plaintiff also points to other individuals who have fallen on the transition plate, and claims that the transition plate is the area of Defendant that produces the most falls. (Lathery Dep. at 10, 19; Manchovitz Dep. at 60, 85).

After Plaintiff fell, she briefly lost consciousness. (Plaintiff Dep. at 56-57; Murphy Dep. at 14). Plaintiff was treated by emergency medical technicians at the scene of the accident, and was then taken to Dearborn County Hospital. (Plaintiff Dep. at 57-59). At the hospital, Plaintiff was examined, and administered a CAT scan, x-ray, and blood tests. (*Id.* at 59). Plaintiff was released from the hospital on that same day. (*Id.*).

Plaintiff filed the instant suit alleging that Defendant was negligent by failing to properly maintain its premises in a safe condition, and Defendant's negligence proximately caused Plaintiff to sustain serious personal injuries.

## II. Summary Judgment Standard

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. In deciding whether genuine issues of material fact exist, the court construes all facts in the light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *Heft v. Moore*, 351 F.3d 278, 283 (7th Cir. 2003).

The burden is upon the movant to identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the non-moving party may not rest upon the pleadings but "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Becker v. Tenenbaun-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990).

## III. Discussion

To prevail under a theory of premises liability sounding in negligence, Plaintiff must prove three elements: (1) a duty owed to Plaintiff; (2) a breach of that duty by Defendant; and (3) the breach proximately caused Plaintiff's damages. *See Rider v. McCamment*, 938 N.E.2d 262, 266 (Ind. Ct. App. 2010) (citing *Reed v. Beachy Constr. Corp.*, 781 N.E.2d 1145, 1148 (Ind. Ct. App. 2002)). Defendant is "entitled to summary judgment by demonstrating that the undisputed material facts negate at least one element" of Plaintiff's claim. *Id.* (citing *Reed*, 781 N.E.2d at 1148). The parties agree that Plaintiff was an invitee, and, thus, Defendant owed Plaintiff the duty to exercise reasonable care to protect her against the dangerous conditions on the premises. *Perdue v. Greater Lafayette Health Servs., Inc.*, 2011 WL 2276197, *5 (Ind. Ct. App. June 8, 2011). Moreover, "[a]n invitee is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein." *Id.* (citing Restatement (Second) of Torts § 343); *see Robinson v. Wal-Mart Stores East, LP*, 2009 WL 127029, *4 (S.D. Ind. Jan. 20, 2009) (holding that, although a business owner is not an insurer of safety, he owes patrons a duty to exercise reasonable care and survey his property for defects and dangerous conditions).

Defendant argues that, because it provided yellow and black warning tape on the transition plate, it reasonably discharged its duty of care owed to Plaintiff. Because the transition plate was affirmatively marked, Defendant maintains that "its actions in

4

developing this particular warning system must be viewed objectively against its similarly situated peers in the industry." (Moving Brief at 6). In other words, Plaintiff must present expert testimony "to set the standard of care under which [Defendant] may be judged in this case." (*Id.*). However, "expert testimony is required only when the issue of care is beyond the realm of the lay person." *Stumph v. R.W. Foster*, 524 N.E.2d 812, 815 (Ind. Ct. App. 1988) (citing *Emig v. Physicians Physical Therapy Serv.*, 432 N.E.2d 52, 53-54 (Ind. Ct. App. 1982)). Here, Plaintiff's negligence claim is brought on a theory of premises liability, which may properly be determined by a lay person. *See H.D. v. BHC Meadows Hosp., Inc.*, 884 N.E.2d 849, 855 (Ind. Ct. App. 2008) ("'[S]uch matters as the maintenance of reasonably safe premises are within the common knowledge and experience of the average person.'" (quoting *Winona Mem'l Found. of Indianapolis v. Lomax*, 465 N.E.2d 731, 740 (Ind. Ct. App. 1984)). Therefore, Plaintiff need not present expert testimony to establish the duty of care that Defendant owed her.

Summary judgment is also not appropriate on the issue of breach. "Generally, issues of breach and causation are questions of fact to be determined by the jury." *Sizemore v. Templeton Oil Co., Inc.*, 724 N.E.2d 647, 650 (Ind. Ct. App. 2000); *see Centerfield Bar, Inc. v. Gee*, 930 N.E.2d 622, 628 (Ind. Ct. App. 2010) ("[E]xistence of a duty is generally a matter of law for the court to decide, [but] a breach of duty . . . is usually a matter left to the trier of fact." (citing *Kroger Co. v. Plonski*, 930 N.E.2d 1, 9 (Ind. 2010)). The designated evidence raises a question of fact for the jury, namely, whether Defendant satisfied its duty of reasonable care by placing yellow and black

warning tape over the transition plate. Therefore, a genuine issue of material fact exists, and the court must **DENY** Defendant's Motion for Summary Judgment.

**IV. Conclusion**

Based on the foregoing reasons, the court **DENIES** Defendant's Motion for Summary Judgment (Docket # 36).

**SO ORDERED** this 31st day of August 2011.

                                           RICHARD L. YOUNG, CHIEF JUDGE
                                           United States District Court
                                           Southern District of Indiana

Electronic Copies To:

Matthew J. Schad
SCHAD & SCHAD
mschad@schadlaw.com

John Patrick Schomaker
SMITH ROLFES & SKAVDAHL CO, L.P.A.
pschomaker@smithrolfes.com